## IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY
### CIVIL DIVISION

| | |
|---|---|
| LISA McINNIS<br>5110 Kennington Court<br>Upper Marlboro, MD 20772, <br><br>                            *Plaintiff*,<br><br>v.<br><br>DARDEN RESTAURANTS, INC.<br>1000 Darden Center Drive<br>Orlando, FL 32837<br><u>SERVE</u>:<br>Corporations Creations Network, Inc.<br>801 U.S. Highway 1<br>North Palm Beach, FL 33408<br><br>&<br><br>OLIVE GARDEN HOLDINGS, LLC<br>1000 Darden Center Drive<br>Orlando, FL 32837<br><u>SERVE</u>:<br>Corporation Creations Network, Inc.<br>2 Wisconsin Circle #700<br>Chevy Chase, MD 20815<br><br>&<br><br>GMRI, INC.<br>d/b/a Olive Garden<br>11 East Chase Street<br>Baltimore, MD 21202<br><u>SERVE</u>:<br>Corporation Creations Network, Inc.<br>2 Wisconsin Circle #700<br>Chevy Chase, MD 20815<br><br>                            *Defendants*. | CASE NO.: CAL22-17802 |

//

//

1

EXHIBIT A

## COMPLAINT

COMES NOW, Plaintiff Lisa McInnis (hereinafter "Plaintiff") by and through her attorneys of record, Gwen-Marie Davis, Esq. and Petra L. Aaron, Esq. at GDH LAW, LLC, hereby files this Complaint against Darden Restaurants, Inc.; Olive Garden Holdings, LLC; and GMRI, Inc., dba Olive Garden (hereinafter "Defendants") and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. At all times relevant, Plaintiff resided at 5110 Kennington Court, Upper Marlboro, Maryland 20772.

2. Defendant Darden Restaurants, Inc , is a Florida corporation organized and existing under the laws of the State of Florida located at 1000 Darden Center Drive, Orlando, Florida with subsidiary corporations regularly conducting business in the State of Maryland.

3. Defendant Olive Garden Holdings LLC, is a Limited Liability Company organized and existing under the laws of the State of Florida and registered to do business in the State of Maryland.

4. Defendant GMRI, Inc., dba Olive Garden is a Florida corporation organized and existing under the laws of the State of Florida and is registered to do business in the State of Maryland.

5. At all material times, Defendants include all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organization units of any kind, predecessors, successors, and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

6. At all material times, each of the Defendants were the agent and employee of every other Defendant in doing the events described and was at all times acting within the purpose and

scope of such agency and employment and are vicariously liable under the theory of *respondeat superior* for the actions and inactions of their employees, agents and contractors.

7. The alleged negligent acts that are fully described herein form the basis of this claim occurred in Prince George's County, Maryland. Additionally, Defendants carry on regular business in Prince George's County, Maryland. Therefore, jurisdiction and venue for this Court is proper under Maryland Code, Courts and Judicial Proceedings sections 6-103, 6-201 and 6-202(8).

## STATEMENT OF FACTS

8. Plaintiff incorporates herein by reference Paragraphs 1 through 7 above as though fully set forth herein and further alleges as follows.

9. On or about July 14, 2019, Plaintiff was on the premises of the Olive Garden restaurant located at 4107 Town Center Boulevard in Bowie, Maryland.

10. Plaintiff finished eating lunch and was exiting the establishment. Suddenly and without warning Plaintiff was caused to slip and fall as a result of water or some other transitory substance on the floor in the main isle between the bar area and cash registers. Plaintiff subsequently fell to the ground hard.

11. At the time Plaintiff fell there were no caution signs around. Plaintiff felt immediate pain to her back, hip, shoulder, and head.

## COUNT I
### (Negligence – Premises Liability)

12. Plaintiff incorporates herein by reference Paragraphs 8 through 11 above as though fully set forth herein and further alleges as follows:

13. At all times mentioned herein the Defendants owned, operated, controlled, and maintained the property that caused Plaintiff's injuries. Defendants and/or their agents owed Plaintiff a duty of care to keep the floor free and clear of watery or other transitory substances.

14. At the time of Plaintiff's fall, there were no caution signs near the spill to warn people of the potentially hazardous condition. Defendants and/or its agents and assigns owed Plaintiff a duty of care to warn Plaintiff of the danger presented by the presence of water or other transitory substance on the floor to prevent people from slipping. In addition, Defendants failed to provide a non-slip surface on the floor.

15. The Defendants owed Plaintiff a duty in care in maintaining a clean and safe environment according to restaurant standards so as to immediately mop up all water or other transitory substances on the floor. As a direct and proximate result of Defendants' failure, Plaintiff suffered severe pain and damages to her back, hip, shoulder, and head.

16. The Defendants' failure to maintain a clean and safe environment and failure to warn of hazardous conditions was a substantial factor in causing the injuries sustained by Plaintiff. Defendants' and/or its agents and assigns created an unreasonably dangerous condition.

17. Defendants' and/or it's agents and assigns knew or, in the exercise of reasonable care should have known, of the condition, or Defendants created the condition either through acts of its employees, in its negligence maintenance and upkeep of the restaurant, and Defendant should have corrected or warned Plaintiff of its existence. Additionally, Defendants should have had non-slip surfaces which would have prevented the fall that resulted from a foreseeable condition.

18. The Defendants owed Plaintiff a duty to exercise due care in providing a safe place for Plaintiff, including ensuring that the facilities were clean, safe, and adequately maintained and each of the Defendants breached that duty of care.

4

19. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff suffered severe and serious personal injuries. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained, Plaintiff will assert them with particularity.

20. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred because of the injuries that have caused her pain and suffering, as well as lost income.

21. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees.

22. Plaintiff has, since the incident on July 14, 2019 experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## COUNT II
### (Negligence via *Res Ipsa Loquitur*)

23. Plaintiff incorporates herein by reference Paragraphs 12 through 22 above as though fully set forth herein and further alleges as follows:

24. The Defendants owed Plaintiffs a duty to exercise due care in providing a safe place for Plaintiff to eat lunch and failed to meet this duty and said actions and omissions as described above, were a breach of the Defendants duty of care.

25. Slipping on water or other transitory substances on the floor does not ordinarily occur in the absence of someone's negligence.

26. Plaintiff was not contributory negligent upon slipping and falling to the ground.

27. As a direct and proximate result of the foregoing negligence and carelessness of the Defendants, Plaintiff has suffered severe and serious personal injuries and the Defendants are liable for the same under the doctrine of res ipsa loquitor. The full nature and extent of Plaintiff's injuries are still unknown and when the same are ascertained with more particularity, Plaintiff will assert them with more particularity.

28. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention where they reside, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

29. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees.

30. Plaintiff has, since the incident on July 14, 2019, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## COUNT III
### (Negligence via Strict Liability)

31. Plaintiff incorporates herein by reference Paragraphs 23 through 30 above as though fully set forth herein and further alleges as follows:

32. Defendants' failure to maintain restaurant standards in maintaining a clean and safe environment for its patrons is an ultrahazardous activity for which the Defendants are strictly liable to any party who suffers any damage as a result of the same, regardless of fault. Plaintiff did not have any knowledge of the dangers involved in eating out at a restaurant.

33. Plaintiff was injured and suffered damages, as described above, due to the above-described events wherein a heavy glass mirror fixture fell on her, for which each of the Defendants, are strictly liable to the Plaintiff.

34. As a direct and proximate result of the negligence of the Defendants, Plaintiff has suffered severe and serious personal injuries and the Defendants are strictly liable for the same. The full nature and extent of Plaintiff's injuries are still unknown and when the same is ascertained with more particularity, Plaintiff will assert them with particularity.

35. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention where they reside, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

36. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees.

37. Plaintiff has, since the incident on July 14, 2019, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## COUNT IV
### (Failure to Warn)

38. Plaintiff incorporates herein by reference Paragraphs 31 through 37 above as though fully set forth herein and further alleges as follows:

39. Defendants owed Plaintiffs a duty to warn of any water or other transitory substance on the floor.

40. Defendants breached that duty and failed to warn Plaintiffs of any water or other transitory substances on the floor.

41. As a direct and proximate result of Defendant's failure to warn Plaintiffs were caused to suffer damages.

42. Defendant's failure to warn caused Plaintiffs direct harm.

## COUNT V
### (*Respondeat Superior*)

38. Plaintiff incorporates herein by reference Paragraphs 38 through 42 above as though fully set forth herein and further alleges as follows:

39. Defendants are legally responsible for the negligent actions or inactions of its employees under the legal doctrine of *respondeat superior*. At all times mentioned herein, Olive Garden restaurant employees were acting within the scope of their employment. As a result thereof, Defendants are liable for all actions and inactions of its employees.

40. Plaintiff has been required to engage the services of various medical providers, including obtaining emergency medical attention where they reside, to care for and treat her injuries. Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering, as well as lost income.

41. Plaintiff has been required to retain the services of a law firm to prosecute this action and are entitled to reasonable attorneys' fees.

42. Plaintiff has, since the incident on July 14, 2019, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of seventy-five thousand dollars ($75,000.00).

## COUNT VI
### (Loss of Consortium)

43. Plaintiff incorporates herein by reference Paragraphs 31 through 37 above as though fully set forth herein and further alleges as follows:

JUL 1 1 2022

44. Plaintiffs were husband wife at the time of the occurrence referred to in this Complaint and continue to be husband and wife.

45. The negligent and/or wrongful conduct of Defendants caused injury to the marital relationship of the Plaintiffs, including a loss of society, affection, assistance, companionship, and loss of sexual relations.

WHEREFORE, Plaintiff Lisa McInnis demands judgement against Defendants Darden Restaurants, Inc.; Olive Garden Holdings, LLC; and GMRI, Inc. jointly and severally in the excess amount of Seventy-Five Thousand Dollars ($75,000.00) for the injuries and pain and suffering Plaintiff has experienced because of the aforementioned incident described herein, along with all damages, court costs, interest, and any other relief this honorable court deems necessary.

## DEMAND FOR A JURY TRIAL

Plaintiff Lisa McInnis demands a trial by jury as to all issues triable as a matter of right by jury.

Dated this 7th day of June 2022.

Respectfully submitted,

_/s/ Petra L. Aaron_

Petra L. Aaron, Esq.
CPF # 0606130001
Gwen-Marie Davis, Esq.
CPF # 6012120203
GDH LAW, LLC
4200 Parliament Place, Suite 510
Lanham, MD 20706
(301) 769-6835
gdavis@gdhlawfirm.com
*Counsel for Plaintiff*

9